Patrick M. Howe (SBN 154669)
*pat@patrickhowelaw.com*
PATRICK HOWE LAW, APC
402 W. Broadway, Ste. 1025
San Diego, CA 92101
(619) 398-3422 Phone
(619) 452-2507 Fax

Attorney for plaintiff
Integon National Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Integon National Insurance Company,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Olga Toscano; Miguel Pantoja; and Shelly Beetler, in her capacity as personal representative of the Estate of Scott Allen Beetler;<br><br>　　　　Defendants. | Case No.　5:22-cv-1241<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Integon National Insurance Company alleges as follows:

## JURISDICTION

1. Jurisdiction exists under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

2. Venue is proper under 28 U.S.C. § 1391 because, for venue purposes, one or more defendants resides in this judicial district.

## PARTIES

3. Integon National Insurance Company is a corporation incorporated under the laws of North Carolina. Its principal place of business is in North Carolina.

4. Defendant Olga Toscano is a natural person. She is a citizen of California. She resides in California.

5. Defendant Miguel Pantoja is a natural person. He is a citizen of California. He resides in California.

6. Defendant Shelly Beetler is a natural person. She is a citizen of California. She resides in California. Integon National Insurance Company is informed and believes and thereon alleges that she is the personal representative of the Estate of Scott Allen Beetler, her former husband, now deceased.

## GENERAL ALLEGATIONS

7. Integon National Insurance Company is an insurance company. On February 8, 2019, Integon National Insurance Company insured Scott Beetler and Shelley Beetler under homeowners' policy no. 2005897292 (the "Integon National Insurance Company policy").

8. On February 8, 2019, the Integon National Insurance Company policy, under Section II – Liability Coverages, contained the following insuring clause:

> **A. Coverage E – Personal Liability**
>
> If a claim is made or suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
>
> 1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and
>
> 2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. …

9. On February 8, 2019, the Integon National Insurance Company policy, under Section II – Liability Coverages, contained the following exclusionary language:

> **SECTION II – EXCLUSIONS**
>
> …
>
> **E. Coverage E – Personal Liability and Coverage F – Medical Payments to Others**
>
> Coverages E and F do not apply to the following:
>
> 1. **"Expected or Intended Injury"**
>
>    "Bodily injury" or "property damage" which is expected or intended by an "insured" or which is the result of intentional acts or omissions, or criminal activity, even if the resulting "bodily injury" or "property damage":
>
>    a. Is of a different kind, quality or degree than initially expected or attended; or

      b. Is sustained by a different person, entity, real or personal property, than initially expected or intended; or

      c. Is committed by an "insured" who lacks the mental capacity to govern their own conduct.

This exclusion applies regardless of whether an "insured" is charged with or convicted of a crime. …

…

  **7. Sexual Molestation, Corporal Punishment Or Physical Or Mental Abuse**

"Bodily injury" or "property damage" arising out of sexual molestation, corporal punishment or physical or mental abuse ….

…

10. On February 8, 2019, the Integon National Insurance Company policy contained the following definitions:

  2. "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

…

  8. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

      a. "Bodily injury"; or

      b. "Property damage".

…

11. On July 24, 2019, Olga Toscano and Miguel Pantoja filed a complaint in San Bernardino Superior Court, styled *Toscano v. Estate of Scott Allen Beetler et al.*, case no. CIVDS1921908 (the "state court action"). A true and correct copy of the operative complaint in the state court action is attached as Exhibit A.

12. In the state court action, Olga Toscano and Miguel Pantoja allege that they are the surviving parents of Quitlahauc Pantoja.

13. In the state court action, Olga Toscano and Miguel Pantoja allege that on February 8, 2019, Scott Allen Beetler drove Quitlahauc Pantoja to the Lytle Creek area of San Bernardino County, murdered Quitlahauc Pantoja by shooting him with a gun, and then shot and killed himself with the same gun (the "incident").

14. In the state court action, Olga Toscano and Miguel Pantoja each seek to recover more than $75,000 in damages because of the incident.

15. Quitlahauc Pantoja's death from the incident was not caused by an accident.

16. Olga Toscano's damages alleged in the state court action were not caused by an accident.

17. Miguel Pantoja's damages alleged in the state court action were not caused by an accident.

18. Scott Allen Beetler expected Quitlahauc Pantoja's death from the incident,

19. Scott Allen Beetler intended Quitlahauc Pantoja's death from the incident.

20. Quitlahauc Pantoja's death from the incident resulted from intentional acts.

21. Quitlahauc Pantoja's death from the incident resulted from criminal activity.

22. Quitlahauc Pantoja's death from the incident arose out of physical abuse.

23. Quitlahauc Pantoja's death from the incident was caused by Scott Allen Beetler's inherently harmful acts.

# FIRST CAUSE OF ACTION

*(Declaratory Relief on Duty to*

*Indemnify – Against all Defendants)*

24. Integon National Insurance Company incorporates the allegations in paragraphs 1–23 as though fully set forth within this first cause of action.

25. An actual controversy exists between Integon National Insurance Company and each defendant. On the one hand, Integon National Insurance Company contends it has no obligation under the Integon National Insurance Company policy to indemnify Shelly Beetler, in her capacity as personal representative of the Estate of Scott Allen Beetler, against the claims in the state court action or otherwise arising out of the incident, because:

    a. The policy limits coverage to bodily injury caused by an occurrence, and Quitlahauc Pantoja's death was not caused by an occurrence;

    b. The policy limits coverage to bodily injury caused by an occurrence, and Olga Toscano's damages alleged in the state court action were not caused by an accident.

    c. The policy limits coverage to bodily injury caused by an occurrence, and Miguel Pantoja's damages alleged in the state court action were not caused by an accident.

    d. The policy excludes coverage for bodily injury expected by an insured, and Scott Allen Beetler expected Quitlahauc Pantoja's death from the incident.

    e. The policy excludes coverage for bodily injury intended by an insured, and Scott Allen Beetler intended Quitlahauc Pantoja's death from the incident.

  f. The policy excludes coverage for bodily injury which is the result of intentional acts, and Quitlahauc Pantoja's death from the incident resulted from intentional acts.

  g. The policy excludes coverage for bodily injury which is the result of criminal activity, and Quitlahauc Pantoja's death from the incident resulted from criminal activity.

  h. The policy excludes coverage for bodily injury which arises out of physical abuse, and Quitlahauc Pantoja's death from the incident arose out of physical abuse.

  i. Cal. Ins. Code § 533 bars coverage under the policy for bodily injury caused by an insured's inherently harmful acts, and Quitlahauc Pantoja's death from the incident was caused by Scott Allen Beetler's inherently harmful acts.

26. On the other hand, Integon National Insurance Company is informed and believes and thereon alleges that each defendant contends that Integon National Insurance Company does have such an obligation.

27. A judicial determination is necessary and appropriate at this time regarding the respective rights and duties of Integon National Insurance Company and each defendant under the Integon National Insurance Company policy, specifically, for a declaration that Integon National Insurance Company has no obligation under the Integon National Insurance Company policy to indemnify Shelly Beetler, in her capacity as personal representative of the Estate of Scott Allen Beetler, against the claims in the state court action or otherwise arising out of the incident.

# SECOND CAUSE OF ACTION

*(Declaratory Relief on Duty to Defend – Against all Defendants)*

28. Integon National Insurance Company incorporates the allegations in paragraphs 1–23 as though fully set forth within this second cause of action.

29. An actual controversy exists between Integon National Insurance Company and each defendant. On the one hand, Integon National Insurance Company contends it has no obligation under the Integon National Insurance Company policy to defend Shelly Beetler, in her capacity as personal representative of the Estate of Scott Allen Beetler, against the claims in the state court action or otherwise arising out of the incident, because:

    a. The policy limits coverage to bodily injury caused by an occurrence, and Quitlahauc Pantoja's death was not caused by an occurrence;

    b. The policy limits coverage to bodily injury caused by an occurrence, and Olga Toscano's damages alleged in the state court action were not caused by an accident.

    c. The policy limits coverage to bodily injury caused by an occurrence, and Miguel Pantoja's damages alleged in the state court action were not caused by an accident.

    d. The policy excludes coverage for bodily injury expected by an insured, and Scott Allen Beetler expected Quitlahauc Pantoja's death from the incident.

    e. The policy excludes coverage for bodily injury intended by an insured, and Scott Allen Beetler intended Quitlahauc Pantoja's death from the incident.

  f. The policy excludes coverage for bodily injury which is the result of intentional acts, and Quitlahauc Pantoja's death from the incident resulted from intentional acts.

  g. The policy excludes coverage for bodily injury which is the result of criminal activity, and Quitlahauc Pantoja's death from the incident resulted from criminal activity.

  h. The policy excludes coverage for bodily injury which arises out of physical abuse, and Quitlahauc Pantoja's death from the incident arose out of physical abuse.

  i. CAL. INS. CODE § 533 bars coverage under the policy for bodily injury caused by an insured's inherently harmful acts, and Quitlahauc Pantoja's death from the incident was caused by Scott Allen Beetler's inherently harmful acts.

 30. On the other hand, Integon National Insurance Company is informed and believes and thereon alleges that each defendant contends that Integon National Insurance Company does have such an obligation.

 31. A judicial determination is necessary and appropriate at this time regarding the respective rights and duties of Integon National Insurance Company and each defendant under the Integon National Insurance Company policy, specifically, for a declaration that Integon National Insurance Company has no obligation under the Integon National Insurance Company policy to defend Shelly Beetler, in her capacity as personal representative of the Estate of Scott Allen Beetler, against the claims in the state court action or otherwise arising out of the incident.

# PRAYER

Wherefore, Integon National Insurance Company prays for judgment as follows:

1. For a judicial declaration that Integon National Insurance Company has no obligation under the Integon National Insurance Company policy to indemnify Shelly Beetler, in her capacity as personal representative of the Estate of Scott Allen Beetler, against the claims in the state court action or otherwise arising out of the incident;

2. For a judicial declaration that Integon National Insurance Company has no obligation under the Integon National Insurance Company policy to defend Shelly Beetler, in her capacity as personal representative of the Estate of Scott Allen Beetler, against the claims in the state court action or otherwise arising out of the incident;

3. For costs of suit incurred herein; and

4. For such further relief the court deems just and proper.

July 18, 2022                      PATRICK HOWE LAW, APC

By: */s/ Patrick M. Howe*
Patrick M. Howe
Attorney for plaintiff Integon
National Insurance Company
Insurance Company

## DEMAND FOR TRIAL BY JURY

Integon National Insurance Company demands a jury trial on all issues in this action.

July 18, 2022                     PATRICK HOWE LAW, APC

By: */s/ Patrick M. Howe*
Patrick M. Howe
Attorney for plaintiff Integon
National Insurance Company
Insurance Company